COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-03-492-CR
    
2-03-493-CR
    
2-03-494-CR
  
  
RICHARD LEVAR THOMPSON                                                 APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM THE 396TH DISTRICT COURT OF 
TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
one point on appeal, appellant Richard Levar Thompson contends that he received 
ineffective assistance of counsel at the punishment phase of his trial for 
attempted burglary of a habitation, aggravated sexual assault, and robbery 
because his counsel declined to make a closing argument or recommend a range of 
punishment. We affirm.
        Appellant 
pled guilty under an open plea to attempted burglary of a habitation, aggravated 
sexual assault, and robbery. Appellant, his mother, and his sister testified on 
his behalf at punishment. Appellant’s counsel declined to make a closing 
argument on appellant’s behalf. The trial court sentenced appellant to the 
maximum jail time on the attempted burglary and robbery offenses, but not the 
aggravated sexual assault.[2]
        Closing 
argument is an area where trial strategy is most evident. Thompson v. State, 
915 S.W.2d 897, 904 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d) (op. on 
reh’g). A complete waiver of closing argument has been recognized as 
legitimate trial strategy. See, e.g., Ransonette v. State, 550 S.W.2d 36, 
41 (Tex. Crim. App. 1976). We will review matters of trial strategy only if an 
attorney’s actions are without any plausible basis. Thompson, 915 
S.W.2d at 904.
        Generally, 
the trial record will not be sufficient to establish an ineffective assistance 
of counsel claim. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. 
App. 1999). Normally, a silent record cannot rebut the presumption that
counsel’s performance 
was the result of sound or reasonable trial strategy. Jackson v. State, 
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).
        The 
record is silent as to appellant’s counsel’s reasons for waiving closing 
argument. Appellant’s counsel elicited favorable testimony regarding 
appellant’s character from appellant’s mother and sister, including an 
opinion that appellant could do whatever was required of him by the court or 
probation department. Appellant also testified that he was sorry for what he had 
done and asked for probation, stating that he had learned to control his anger 
while in jail.
        On 
these facts, appellant has not rebutted the presumption that his counsel’s 
decision to decline making a closing argument was not the result of sound trial 
strategy. Thus, appellant has failed to show that his counsel’s performance 
was deficient. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. 
Ct. 2052, 2064 (1984); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. 
Crim. App. 1999). We overrule appellant’s sole point on appeal and affirm the 
trial court’s judgments.
  
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
  
PANEL A: CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. 
App. P. 47.2(b)
 
DELIVERED: August 12, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  See 
Tex. Penal Code Ann. §§ 
12.32-34, 15.01(d), 29.02(b), 30.02(c)(2) (Vernon 2003), 22.021(e) (Vernon Supp. 
2004-05).